STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
Nicholas F. Kajon
Constantine D. Pourakis
Andreas D. Milliaressis

*Counsel for the Petitioners Rachelle Frisby and John Johnston,
in their capacity as the Joint Provisional Liquidators
and Proposed Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | Case No. 18-12216( ) |
| Debtor in Foreign Proceeding. | |

**VERIFIED PETITION OF PDV INSURANCE COMPANY, LTD.
(IN PROVISIONAL LIQUIDATION) AND MOTION OF THE
JOINT PROVISIONAL LIQUIDATORS FOR (A) RECOGNITION OF THE BERMUDA
PROCEEDING AS A FOREIGN MAIN PROCEEDING OR, IN THE ALTERNATIVE,
AS A FOREIGN NONMAIN PROCEEDING AND (B) CERTAIN RELATED RELIEF**

Rachelle Frisby and John Johnston of Deloitte Advisory Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for PDV Insurance Company Ltd. ("Debtor"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2018: No. 159 (the "Bermuda Proceeding"), by and through the undersigned counsel to the JPL on behalf of the Debtor, hereby submit this *Verified Petition of PDV Insurance Company, Ltd. (in Provisional Liquidation) and Motion of the Joint Provisional Liquidators for*

---

[1] PDV (defined below), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Canon's Court, 22 Victoria Street, PO Box HM 1624, Hamilton, Bermuda HM EX.

*(A) Recognition of the Bermuda Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding, and (B) Certain Related Relief* in furtherance of the Debtor's Form of Voluntary Petition [ECF No. 1] filed concurrently herewith (together with Debtor's Form of Voluntary Petition, the "Verified Petition") pursuant to sections 105, 1515-1517 and 1519-1522 of title 11 of the United States Code (the "Bankruptcy Code") for (i) entry of an order, substantially in the form attached hereto as Exhibit A (the "Recognition Order") after notice and a hearing (the "Recognition Hearing"), granting recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding, and certain related relief.

The Petitioners respectfully refer the Court to the *Memorandum of Law in Support of the Verified Petition* (the "Memorandum of Law") [ECF No. 3], and the *Declaration of Rachelle Frisby Pursuant to 28 U.S.C. § 1746 and Statements and Lists Required by Bankruptcy Rule 1007(a)(4)* (the "Frisby Declaration") [ECF No. 4], each of which is incorporated herein by reference. In further support, the Petitioners respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On May 11, 2018, the Bermuda Monetary Authority filed a petition and summons to appoint provisional liquidators in the Bermuda Court. The Bermuda Court granted the Bermuda Monetary Authority's request and, by order dated May 15, 2018 (the "Bermuda Order"), Petitioners were appointed as JPLs and duly authorized foreign representatives of the Debtor.[2]

---

[2] A true and correct copy of the Bermuda Order is annexed as Exhibit A to the Frisby Declaration.

2. By the Bermuda Order, the Bermuda Court granted the JPLs the broad authority to undertake various actions with respect to the Debtor, including the authority to:

(A) Continue the business of the [Debtor] and under the supervision of [the Bermuda Court] in so far as is necessary to preserve the value of the [Debtor];

(B) To review, secure, take possession of and copy any books, papers, writings, financial records, documents and records relating to the accounts or audit of the [Debtor]'s accounts that are located in the offices of its auditors or any other person both in [Bermuda] and in any other jurisdiction;

(C) To open and operate any bank accounts in the name of the JPLs or the [Debtor] as may be necessary, which ... shall include the ability to amend the list of authorized signatories for the operation of any such bank accounts and to generally take control of any bank account in the name of the [Debtor] in Portugal, in the United States, or elsewhere, and no other person or entity shall have any authority, power or control over any of the [Debtor]'s accounts, including without limitation the [Debtor]'s officers, directors, shareholders, affiliates or agents; and

(D) To conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect the assets and determine the liabilities of the [Debtor], or to enable these proceedings to move forward in an expeditious manner; to do all such things as may be necessary or expedient for the protection of the [Debtor]'s assets or property.

Bermuda Order, ¶¶ 1(a) – (d).

3. The Bermuda Order also specifically authorizes the JPLs "to seek the assistance of the Courts in Portugal and/or the US or elsewhere as deemed necessary and appropriate to secured the assets of the [Debtor] in that jurisdiction." Bermuda Order ¶ 1(l).

4. On July 20, 2018, the Bermuda Court entered a second order permitting the JPLs to act jointly and severally. Although the JPLs have the authority to act jointly and severally, for the benefit of these proceedings both JPLs have signed. *See* Exhibit B to the Frisby Declaration.

5. On the date hereof (the "Petition Date"), the JPLs commenced the case (the "Chapter 15 Case") by filing the Verified Petition for relief under chapter 15 of the Bankruptcy Code. The JPLs seek recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under section 1517 of the Bankruptcy Code.

6. Additional information regarding the Debtor and the JPLs, and additional information relevant to the Chapter 15 Case and the Verified Petition, is set forth in the Memorandum of Law and the Frisby Declaration.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

8. The Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Verified Petition under section 1515 of the Bankruptcy Code. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

10. The statutory predicates for the relief requested herein are sections 105, 362, 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND OF THE DEBTOR

11. Debtor is the wholly-owned subsidiary of Petroleos de Venezuela, SA (the "Parent").

12. Debtor's Bermuda Corporate Registration Number is 16066.

13. Debtor was incorporated on December 12, 1990 pursuant to the Companies Act of 1981 and was registered as a Class 2 Insurer effective April 24, 1998.

14. Debtor was issued a Certificate of Registration permitting it to operate as an insurance business on April 24, 1998 under the Insurance Act 1978 (the "Act").

15. Section 15 of the Act requires an insurer to prepare accounts in respect of its insurance business for each financial year ("Statutory Financial Statements"). Section 17(3) of the Act requires every insurer to file a copy of its Statutory Financial Statements in accordance with the timelines set out in Section 15.

16. Due to the Debtor's inability to comply with portions of the Act, the Debtor has incurred penalties which necessitated the filing of the Petition Winding Up the Debtor's affairs before the Supreme Court of Bermuda on May 11, 2018.

## RELIEF REQUESTED

17. By this Verified Petition, the JPL seek entry of an order granting ancillary relief in order to effectuate the restructuring of the Debtor. The JPLs seek recognition of the Bermuda Proceeding in the United States, specifically:

(A) entry of the Recognition Order after notice and a hearing:[3]

(i) granting recognition of the Bermuda Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and granting related relief or, in the alternative, granting recognition of the Bermuda Proceeding as a foreign nonmain proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code and granting related relief;

(ii) granting relief as of right upon recognition of the Bermuda Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code if the Bermuda Proceeding is recognized as a foreign main proceeding;

(iii) whether the Bermuda Proceeding is recognized as a foreign main proceeding or foreign nonmain proceeding, granting additional relief under section 1521 of the Bankruptcy Code including:

(a) staying the commencement or continuation of any actions or proceedings concerning the Debtor's assets, rights, obligations or liabilities;

(b) staying execution against the Debtor's assets;

(c) suspending the right to transfer, encumber or otherwise dispose of the Debtor's assets; and

(iv) granting such further relief as the Court deems just and proper.

(B) Entry of an Order for Turnover of the following funds:

(i) Funds held by BNY Mellon on behalf of the Debtor;

(ii) Funds held by HSBC Bank, USA, NA. on behalf of the Debtor.

---

[3] The Petitioners have requested a date and time for the Recognition Hearing to consider entry of the Recognition Order pursuant to the *Application by Joint Provisional Liquidators Rachelle Frisby and John Johnstone for Order (I) Scheduling Hearing on Verified Petition of PDV Insurance Company, Ltd. (in Provisional Liquidation) and Motion for Recognition and Related Relief and (II) Specifying Form and Manner of Service of Notice* (the "Notice Motion") [ECF No. __], filed contemporaneously herewith.

## BASIS FOR RELIEF REQUESTED

18. For the reasons set forth here and in the Memorandum of Law, the Court should enter the Recognition Order. The JPLs meet the standards for obtaining the relief requested herein and otherwise satisfy the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code.

19. Section 1517(a) of the Bankruptcy Code authorizes the Court to enter a final order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign nonmain proceeding, (ii) the foreign representative applying for recognition is a person or body and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a). Section 1517(b) of the Bankruptcy Code further provides that a proceeding shall be recognized as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests. 11 U.S.C. § 1517(b).

20. For the reasons discussed in the Memorandum of Law, the Court should enter the Recognition Order because the Debtor is eligible for chapter 15 relief: (i) the JPLs are foreign representatives and (ii) the Verified Petition satisfies all of the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code as a foreign main proceeding.[4]

21. First, the Debtor satisfies section 109(a) of the Bankruptcy Code, which is a precondition for chapter 15 eligibility under Second Circuit jurisprudence. As explained in the Memorandum of Law, a debtor need only have minimal "property" in the United States in order to comply with

---

[4] Although the JPL believe that the Bermuda Proceeding is undoubtedly a foreign main proceeding, the JPL have requested, in the alternative, that the Bermuda Proceeding be recognized as a foreign nonmain proceeding out of an abundance of caution.

7

the terms of section 109(a). The Debtor easily satisfies this requirement given the bank accounts located in the United States held by the Debtor at BNY Mellon and HSBC Bank.

22. Second, the Chapter 15 Case was duly and properly commenced as required by sections 1504 and 1509(a) of the Bankruptcy Code by filing the Verified Petition and all other required documents in accordance with section 1515 of the Bankruptcy Code.

23. Third, as described in the Frisby Declaration and the Memorandum of Law, the JPLs qualify as a person or body, and each is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code, *i.e.*, the JPLs are authorized in the Bermuda Proceeding to administer the liquidation of the Debtor's assets and affairs as determined by the Bermuda Court. *See* Frisby Declaration ¶16.

24. Fourth, the Bermuda Proceeding is pending in Bermuda, the Debtor's COMI. Bermuda is the main situs of the Debtor's business operations, and this fact is readily apparent to third parties. Frisby Declaration ¶¶ 31-35.

25. This Court's recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding, and granting the relief requested herein pending a hearing on the Recognition Order-in addition to the relief automatically granted upon recognition pursuant to section 1520 of the Bankruptcy Code-is consistent with the purposes of chapter 15 of the Bankruptcy Code and with the public policy of the United States. Therefore, the JPLs respectfully request that, upon notice and a hearing, the Court grant the Recognition Order and such other and further relief as the Court may deem just and proper.

26. After their appointment, the JPLs conducted a review of the books and records of the Debtor and found bank accounts held with BNY Mellon in the United States of America. Frisby Declaration ¶ 14. In addition, based on the documentation the JPLs reviewed, the JPLs believes

the Debtor has accounts at HSBC Bank, USA, NA. *Id.* The JPLs believe that one or more of these accounts are located in the Southern District of New York (the "District"). *Id.* Assuming the Court grants recognition, the JPLs further request and order requiring turnover of these accounts to the JPLs so the JPLs can administer the accounts in accordance with the Bermuda Order, including but not limited to distribution.

27. As described in the Memorandum of Law, pursuant to section 1521 of the Bankruptcy Code this Court has the discretion to order the turnover of funds and assets held domestically in the United States to the JPLs. Therefore, the JPLs respectfully request that the Court also grant the turnover of such assets and grant the JPLs the authority to disburse the assets.

## **NOTICE**

28. No trustee, examiner or statutory committee has been appointed in the Chapter 15 Case. Notice of this Verified Petition has been provided to (i) the United States Trustee for the Southern District of New York, and (ii) the Debtor. In light of the nature of the relief requested herein, the Petitioners submit that no other or further notice is necessary.

*(Remainder of page intentionally left blank.)*

WHEREFORE, the Petitioners respectfully request (i) entry of the Recognition Order, substantially in the form attached hereto as <u>Exhibit A</u> and (iii) such other and further relief as the Court deems just and proper.

Dated: July __, 2018
New York, New York

STEVENS & LEE, P.C.

By: _____
Nicholas F. Kajon
Constantine D. Pourakis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
nfk@stevenslee.com
cp@stevenslee.com

*Counsel for the Petitioners Rachelle Frisby and John Johnston, in their capacity as Joint Provisional Liquidators and Proposed Foreign Representatives*

## VERIFICATION OF PETITION

Rachelle Frisby, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am a Partner of Deloitte Advisory Ltd. and one of the duly appointed Joint Provisional Liquidators and proposed foreign representatives of the Debtor. As such, I have full authority to verify the foregoing Verified Petition on behalf of the Debtor.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Dated: July 24, 2018
Hamilton, Bermuda

By: _____

By: Rachelle Frisby
Title: Partner, Deloitte Advisory Ltd.
Joint Provisional Liquidator and
Authorized Foreign Representative of the
Debtor

## VERIFICATION OF PETITION

John Johnston, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am the Chief Executive Officer, Caribbean and Bermuda, of Deloitte Advisory Ltd. and one of the duly appointed Joint Provisional Liquidators and proposed foreign representatives of the Debtor. As such, I have full authority to verify the foregoing Verified Petition on behalf of the Debtor.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Dated: July 24, 2018
Hamilton, Bermuda

By: _____

By: John Johnston
Title: CEO, Caribbean and Bermuda, Deloitte
    Advisory Ltd.
Joint Provisional Liquidator and
Authorized Foreign Representative of the
Debtor