**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | ) Case No. 18-12216( ) |
| Debtor in Foreign Proceeding. | ) |

**DECLARATION OF RACHELLE FRISBY PURSAUNT TO 28 U.S.C. § 1746
AND STATEMENTS AND LISTS REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

I, Rachelle Frisby, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am an individual over 21 years of age and am competent to testify and to provide this declaration (the "Declaration") in support of (i) the Verified Petition for Recognition of Foreign Proceeding under Chapter 15 (the "Verified Petition")[2] [ECF No. 2] and the memorandum in support thereof and for related relief (the "Memorandum") [ECF No. 3], which seek entry of an order recognizing provisional liquidation proceedings with respect to the Debtor currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2018: No. 159 (the "Bermuda Proceeding") as a foreign main proceeding pursuant to sections 1515, 1517 and 1520 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"),[3] both of which were filed concurrently herewith and to which this Court is respectfully referred.

2. I make this Declaration on the basis of documentation in my possession or supplied to me and on facts and matters that are known to me or of which I have been informed by others.

---

[1] PDV (defined below), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Canon's Court, 22 Victoria Street, PO Box HM 1624, Hamilton, Bermuda HM EX.
[2] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Verified Petition.
[3] Except as otherwise indicated, section and chapter references are to the United States Bankruptcy Code.

Where I have been informed by others, the information is true to the best of my knowledge and belief.

3. I am a Partner of Deloitte Advisory Ltd. I am qualified to act as a Joint Liquidator of a Bermuda company. I am the head of Financial Advisory in Bermuda and the British Virgin Islands, providing restructuring, forensic and dispute, business valuation, M&A transaction, and AML compliance services. I have over 15 years of experience working in public accounting in Canada and Bermuda.

4. The facts and matters contained in this Declaration are based on my own understanding gained through my review of the books and record provided to me by the Bermuda Monetary Authority, the companies registered agent, Estera Services (Bermuda) Limited and the Companies former captive managers, Quest Management Services Limited, together with knowledge gained in preparation for my role as joint provisional liquidator to include a company search at the Registrar of Companies in Bermuda, and since my appointment as joint provisional liquidator of the Debtor.

## II. Background

5. Debtor is the wholly-owned subsidiary of Petroleos de Venezuela, SA (the "Parent").

6. Debtor's Bermuda Corporate Registration Number is 16066.

7. Debtor was incorporated on December 12, 1990 pursuant to the Companies Act of 1981 and was registered as a Class 2 Insurer effective April 24, 1998.

8. The Debtor was issued a Certificate of Registration permitting it to operate as an insurance business on April 24, 1998 under the Insurance Act 1978 (the "Act").

9. Section 15 of the Act requires an insurer to prepare accounts in respect of its insurance business for each financial year ("Statutory Financial Statements"). Section 17(3) of the Act

requires every insurer to file a copy of its Statutory Financial Statements in accordance with the timelines set out in that Section.

10. Due to the Debtor's inability to comply with portions of the Act, on May 11, 2018, the Bermuda Monetary Authority filed a petition and summons to appoint provisional liquidators in the Bermuda Court.

11. By Order dated May 14, 2018, the Bermuda Court appointed John Johnston and I as Joint Provisional Liquidators (the "JPLs") of the Debtor (the "Bermuda Order"). The Bermuda Order authorizes the JPLs, among other things, to seek relief in this Court under Chapter 15 of the Bankruptcy Code. A true and correct copy of the Bermuda Order is attached hereto as Exhibit A.

12. Specifically, the Bermuda Order granted the JPLs the broad authority to undertake various actions with respect to the Debtor, including the authority to:

   a. Continue the business of the [Debtor] and under the supervision of [the Bermuda Court] in so far as is necessary to preserve the value of the [Debtor];

   b. To review, secure, take possession of and copy any books, papers, writings, financial records, documents and records relating to the accounts or audit of the [Debtor]'s accounts that are located in the offices of its auditors or any other person both in [Bermuda] and in any other jurisdiction;

   c. To open and operate any bank accounts in the name of the JPLs or the [Debtor] as may be necessary, which ... shall include the ability to amend the list of authorized signatories for the operation of any such bank accounts and to generally take control of any bank account in the name of the [Debtor] in Portugal, in the United States, or elsewhere, and no other person or entity shall have any authority, power or control

over any of the [Debtor]'s accounts, including without limitation the [Debtor]'s officers, directors, shareholders, affiliates or agents; and

    d. To conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect the assets and determine the liabilities of the [Debtor], or to enable these proceedings to move forward in an expeditious manner; to do all such things as may be necessary or expedient for the protection of the [Debtor]'s assets or property.

Bermuda Order, ¶¶ 1(a) – (d).

13. The Bermuda Order also specifically authorizes the JPL "to seek the assistance of the Courts in Portugal and/or the US or elsewhere as deemed necessary and appropriate to secured the assets of the [Debtor] in that jurisdiction." Bermuda Order ¶ 1(l).

14. After our appointment, the JPL conducted a review of the books and records of the Debtor and found bank accounts held with BNY Mellon in the United States of America.[4] In addition, based on the documentation the JPL reviewed, the JPL believes the Debtor has accounts at HSBC Bank, USA, NA. The JPL believes one or more of these accounts are located in the Southern District of New York (the "District"). Assuming the Court grants recognition, the JPL will request turnover of these accounts so the JPL can administer the accounts in accordance with the Bermuda Order, including but not limited to distribution.

15. On July 20, 2018, the Bermuda Court entered an order granting the JPL the ability to exercise its powers granted in the Bermuda Order jointly and severally. A true and correct copy of the Order entered July 20th is attached hereto as Exhibit B.

---

[4] PDV maintains six accounts at BNY Mellon, three of which are closed. The three open accounts, numbered PDVF0001002, PDVF0003002 and PDVF0006002, have balances of £0.00, £70.68 and £444,632.49, respectively.

16. On the date hereof (the "Petition Date"), the JPL commenced the case (the "Chapter 15 Case") by filing the Verified Petition for relief under chapter 15 of the Bankruptcy Code. The JPL seek recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under section 1517 of the Bankruptcy Code.

### III. The JPLs are Foreign Representatives of the Debtor

15. John Johnston and I have been informed by our legal advisors that a Chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative." We are further informed that a bankruptcy court may presume that the person petitioning for Chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates. We understand that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> "...a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

16. John Johnston and I have been appointed by the Bermuda Court on a provisional basis to administer the Debtor's affairs, and we have been authorized by the order appointing us to (among other matters) seek recognition under Chapter 15 of the United States Bankruptcy Code. Specifically, we have been authorized by the Bermuda Order to seek the assistance of the courts in the United States to secure the Debtor's assets in that jurisdiction. Bermuda Order ¶1(l).

17. Additionally, we are individuals appointed by the Bermuda Court to exercise certain administrative powers, including, among other things, to continue the operations of the Debtor in so far as is necessary to preserve the value of the Debtor, to prove rank, claim and or receive dividends in the bankruptcy or insolvency of any debtor, to make payments to creditors, to

discharge costs, expenses and debts incurred by the Debtor, and to do all other things incidental to the exercise of our powers.

18. In light of the statutory presumption, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the Bermuda Order, I believe that John Johnston and I are foreign representatives of the Bermuda Proceeding.

### IV. The Bermuda Proceeding Is A Foreign Main Proceeding

27. I believe that the Bermuda Proceeding is a "foreign main proceeding" within the meaning of Section 1502(4) of the Bankruptcy Code.

28. John Johnston and I have been informed by our legal advisors that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> "... a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation" 11 U.S.C. § 101(23).

29. I believe that the Bermuda Proceeding falls within the foregoing definition. The provisional liquidation proceeding is a collective judicial proceeding, in Bermuda, governed by Bermuda statute applicable to corporate insolvencies. In the provisional liquidation proceeding the Debtor's assets and affairs are subject to the control or supervision of the Bermuda Court. The purpose of the provisional liquidation proceeding is reorganization or, should the reorganization fail, liquidation.

30. John Johnston and I have been informed by our legal advisors that Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("COMI"). COMI is not defined in Chapter 15, but Section 1516(c) of the Bankruptcy Code provides that "[i]n the absence of

evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."

31. We believe that, based on its place of registered office, the COMI of Debtor is Bermuda.

32. Additional factors supporting COMI in Bermuda for the Debtor include the location in Bermuda of Debtor's board of directors and officers; location of Debtor's operations, books and records and certain assets; and location of certain of Debtor's bank accounts.

## V. Alternatively, the Bermuda Proceeding Is a Foreign Nonmain Proceeding

33. In the event that the Court concludes that the Debtor's COMI is not Bermuda, the JPLs believe that the Court should recognize the Bermuda Proceeding as a foreign nonmain proceeding. The JPL are informed by their legal advisors that a foreign nonmain proceeding takes place in a jurisdiction that is not the entity's center of main interests but where it has an "establishment," defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. §§ 1502(2), (5).

34. As of the date of the filing of the Chapter 15 petition the Debtor had a place of business and personnel in Bermuda. Thus, it is evident the Debtor has an establishment in Bermuda.

35. Besides the Petitioners, who report to and are supervised by the Bermuda Court, the Debtor has no foreign administrators and there are no other insolvency proceedings regarding the Debtor anywhere in the world.

## STATEMENT PURSUANT TO
## SECTION 1515(c) OF THE BANKRUPTCY CODE

36. I am informed that section 1515(c) of the Bankruptcy Code provides that "[a] petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative."

37. In compliance with section 1515(c) of the Bankruptcy Code, I hereby declare that the only foreign proceedings (as such term is defined in section 101(23) of the Bankruptcy Code) pending with respect to the Debtor that are known to me is the Bermuda Proceeding.

## STATEMENTS AND LISTS PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

38. I am informed that Bankruptcy Rule 1007(a)(4) provides as follows:

In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

39. In compliance with Interim Bankruptcy Rule 1007(a)(4), I hereby provide the following lists:

Corporate Ownership Statement

40. Pursuant to Bankruptcy Rule 7007.1, the following entities directly or indirectly own the following percentages of Debtor's equity interests: Petroleos de Venezuela, S.A. ("PDVSA") (100%).

JPLs in Bermuda Proceeding

41. As noted above, John Johnston and I were appointed JPLs in the Bermuda Proceeding by Order dated May 15, 2018. Our address is c/o Deloitte Advisory Ltd., Corner House, 20 Parliament Street, Hamilton HM 12 Bermuda.

Parties to Litigation in the United States

42. As of the date of this Declaration, the Debtor is not party to any litigation pending in the United States of which I am aware.

Entities Against Whom Provisional Relief is Sought under Section 1519

43. The JPL are not seeking provisional relief under bankruptcy Code Section 1519.

*(The remainder of this page is intentionally left blank)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 24, 2018
       Hamilton, Bermuda

_____
Rachelle Frisby