**Hearing Date and Time:** [_____]
                                 **Objection Deadline Date and Time:** [_____]

STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
Nicholas F. Kajon
Constantine D. Pourakis
Andreas D. Milliaressis

*Counsel for the Petitioners Rachelle Frisby and John Johnston,*
*in their capacity as the Joint Provisional Liquidators*
*and Proposed Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | Case No. 18- 12216( ) |
| Debtor in Foreign Proceeding. | |

**APPLICATION BY JOINT PROVISIONAL LIQUIDATORS FOR ORDER**
**(I) SCHEDULING HEARING ON VERIFIED PETITION OF PDV INSURANCE**
**COMPANY, LTD. (IN PROVISIONAL LIQUIDATION) AND MOTION FOR**
**RECOGNITION AND RELATED RELIEF AND (II) SPECIFYING FORM AND**
**MANNER OF SERVICE OF NOTICE**

Rachelle Frisby and John Johnston of Deloitte Advisory Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for PDV Insurance Company Ltd. ("Debtor"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2018: No. 159 (the "Bermuda Proceeding"), by and through their undersigned counsel, respectfully submit this Application (the "Application") for entry of an order substantially in the

---

[1] PDV (defined below), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Canon's Court, 22 Victoria Street, PO Box HM 1624, Hamilton, Bermuda HM EX.

form attached hereto as <u>Exhibit A</u> (the "Proposed Order"): (i) scheduling a hearing (the "Recognition Hearing") for a date to be set by this Court, for consideration of the Debtor's Verified Petition (as defined herein)[2] for recognition and related relief under chapter 15 of the Bankruptcy Code, (ii) setting a date and time as the date by which all responses and objections to the Verified Petition must be filed (the "Objection Deadline") and (iii) approving the form of notice of the Recognition Hearing substantially in the form attached hereto as <u>Exhibit B</u> (the "Notice") and the manner of service described herein. In support of this Application, the Petitioners respectfully represent:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of title 11 of the United States Code (the "Bankruptcy Code"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

### PRELIMINARY STATEMENT

3. The Petitioners filed a voluntary petition under chapter 15 on behalf of the Debtor, accompanied by all certifications, statements, lists and documents (the "Chapter 15 Pleadings")[3] in support of the petition and required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Chapter 15 Pleadings seek recognition of the Bermuda Proceeding as a foreign main proceeding

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Verified Petition.

[3] The "Chapter 15 Pleadings" include the following documents, which were filed concurrently herewith and are incorporated by reference: (i) the *Official Form of Voluntary Petition* for the Debtor [ECF No. 1] and the *Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief* (together, the "Verified Petition") [ECF No. 2], (ii) the *Memorandum of Law in Support of the Verified Petition* (the "Memorandum of Law") [ECF No. 3], and (iii) *the Declaration of Rachel Frisby Pursuant to 28 U.S.C. § 1746 and Statements and Lists Required by Bankruptcy Rule 1007(a)(4)* (the "Frisby Declaration") [ECF No. 4].

(or, in the alternative, as a foreign nonmain proceeding) and related relief under sections 1520 and 1521 of the Bankruptcy Code.

4. This Application is made pursuant to sections 105 and 1515 of the Bankruptcy Code and Bankruptcy Rules 1007, 2002 and 9007 for the entry of the Proposed Order substantially in the form attached hereto as Exhibit A (i) scheduling the Recognition Hearing for a date to be set by this Court, (ii) setting a date and time for the Objection Deadline, and (iii) approving the form of Notice and the manner of service thereof.

## BACKGROUND

5. The Petitioners have commenced this Chapter 15 Case pursuant to sections 1504, 1509, 1515, and 1517 of the Bankruptcy Code by filing the Verified Petition, accompanied by all certifications, statements, and documents required pursuant to section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

6. As further explained in the Chapter 15 Pleadings, the Petitioners are individual persons who are duly authorized as foreign representatives of the Debtor, and as such are entitled to directly petition this Court for recognition of the foreign proceeding under section 1509 of the Bankruptcy Code. The Petitioners were jointly appointed as the JPLs and duly authorized foreign representatives of the Debtor by order of the Bermuda Court dated May 15, 2018 (the "Bermuda Order"). A true and complete copy of the Bermuda Order is attached to the Debtor's Form of Voluntary Petition and to the Frisby Declaration as Exhibit A. The Bermuda Order grants the express authorization of the Bermuda Court for the Petitioners to seek recognition of the Bermuda Proceeding under chapter 15 of the Bankruptcy Code.

7. Besides the Petitioners, who report to and are supervised by the Bermuda Court, the Debtor has no foreign administrators and there are no other insolvency proceedings regarding the Debtor anywhere in the world. Frisby Declaration ¶ 35.

8. The Petitioners are seeking recognition of the Bermuda Proceeding as a foreign main proceeding (or, in the alternative, as a foreign nonmain proceedings), and relief as of right under section 1520 of the Bankruptcy Code and further relief available under section 1521 of the Bankruptcy Code.

### **RELIEF REQUESTED**

9. By this Application, and pursuant to Bankruptcy Rule 9007, the Petitioners seek entry of the Proposed Order attached hereto as Exhibit A: (i) scheduling the Recognition Hearing for a date and time to be set by this Court, (ii) setting a date and time the Objection Deadline, and (iii) approving the form of Notice (attached hereto as Exhibit B) and the manner of service thereof, including by way of publication.

10. Pursuant to Bankruptcy Rules 2002(k), (m) and (q), upon entry of the Proposed Order, the Petitioners propose to serve copies of the Notice and Chapter 15 Pleadings on or before a date to be set by this Court, upon the following persons and entities (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the Southern District of New York, (b) BNY Mellon, (c) HSBC Bank USA, NA, (d) counsel to the directors and officers of the Debtor, (e) all other parties that request notice in this case pursuant to Bankruptcy Rule 2002 prior to the date of such service, (f) all parties set forth on Exhibit C and (g) all other parties that this Court may direct.

11. All Notice Parties will be served with the Notice and Chapter 15 Pleadings by (a) United States mail, first class postage prepaid (or, if necessary or expeditious, its foreign equivalent) and (b) by email (where known to the Petitioners) at the addresses set forth on Exhibit C.

12. Accordingly, the Petitioners request that this Court approve the foregoing manner of service of the Notice and Chapter 15 Pleadings pursuant to Bankruptcy Rules 2002 and 9007.

13. A party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond thereto. Fed. R. Bankr. P. 1011(b). Parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. Fed. R. Bankr. P. 2002(q)(1). Accordingly, the Petitioners submit that (i) scheduling the Recognition Hearing to be held on a date and time to be set by this Court, and (ii) setting a date and time for the Objection Deadline is appropriate. In the event that any objections to the Verified Petition are filed by the Objection Date, the Petitioners further request that they have the right to file a reply to such objections by 4:00 p.m. (Eastern Time) on the business day prior to the Recognition Hearing. Additionally, if no objections to the Verified Petition are filed by the Objection Date, Petitioners request that the Court enter the proposed *Order (I) Recognizing the Bermuda Proceedings of PDV Insurance Company Ltd. as A Foreign Main Proceeding and (II) Granting Related Relief* without a hearing as authorized by Local Bankruptcy Rule 2002-1.

14. The Petitioners request that the Court also require that objections or answers, if any, in response to the Notice and Chapter 15 Pleadings must be made in writing and set forth the basis of such response or objection and shall be filed with the Court electronically in accordance with General Order M-182, with a hard copy provided to Chambers and served upon Stevens & Lee, P.C., 485 Madison Avenue, 20th Floor, New York, New York 10022 (Attention: Nicholas F. Kajon and Constantine D. Pourakis), Attorneys for the Petitioners, and each of the Notice Parties at the addresses set forth on <u>Exhibit C</u> so as to be received on or before 4:00 p.m. at least 7 days before the Recognition Hearing.

15. The Petitioners further request that the Court waive the requirements set forth in section 1514(c) of the Bankruptcy Code, which provide that when notification of the

commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. *See* 11 U.S.C. § 1514(c). It is not clear, however, that section 1514 applies in the context of ancillary cases under chapter 15. As explained in a leading treatise on bankruptcy law, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). However, out of an abundance of caution the Petitioners respectfully request that such requirements be waived in this instance.

16. Moreover, Rule 1007(b) of the Bankruptcy Rules instructs debtors to file certain schedules, statements and other documents "[e]xcept in a chapter 9 municipality case." See Fed. R. Bankr. P. 1007(b). As with section 1514, however, it is not clear that Rule 1007(b) applies in chapter 15 cases. Out of an abundance of caution, the Petitioners respectfully request that these requirements also be waived.

## **NO PRIOR REQUEST**

17. No previous request for the relief requested herein has been made to this or any other Court.

*(The remainder of this page is intentionally left blank)*

## CONCLUSION

WHEREFORE, the Petitioners request the Court for: (i) entry of an order in the form of the Proposed Order (a) setting a hearing date on the Verified Petition and (b) approving the form of Notice and the manner of service; and (ii) such other and further relief as may be just and proper.

Dated: New York, New York
July 24, 2018

STEVENS & LEE, P.C.

By: _____
Nicholas F. Kajon
Constantine D. Pourakis
Andreas D. Milliaressis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
nfk@stevenslee.com
cp@stevenslee.com
adm@stevenslee.com

*Counsel for the Petitioners Rachelle Frisby and John Johnston, in their capacity as Joint Provisional Liquidators and Proposed Foreign Representatives*