# STEVENS & LEE
## LAWYERS & CONSULTANTS

485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500 Fax (212) 319-8505
www.stevenslee.com

|  |  |
|---|---|
| Direct Dial: | (212) 537-0403 |
| Email: | nfk@stevenslee.com |
| Direct Fax: | (610) 371-1223 |

May 5, 2020

**BY ECF**

| | |
|---|---|
| Honorable Michael E. Wiles | Vito Genna |
| United States Bankruptcy Judge | Clerk of Court |
| U.S. Bankruptcy Court - SDNY | U.S. Bankruptcy Court - SDNY |
| One Bowling Green | One Bowling Green |
| New York, NY 10004-1408 | New York, NY 10004-1408 |

**Re:  PDV Insurance Company Ltd., Case No. 18-12216 (MEW)**

Dear Judge Wiles:

My firm represents Rachelle Frisby and John Johnston of Deloitte Ltd. in their capacities as the joint provisional liquidators and authorized foreign representatives ("JPLs") for PDV Insurance Company Ltd. ("Debtor"), in liquidation currently pending before the Supreme Court of Bermuda ("Bermuda Court"). I write in response to the May 4, 2020 letter from Mr. Genna requesting a status report on the above-referenced proceeding [Docket No. 23].

On June 14, 2019, the JPLs filed their *Application for Order Authorizing Issuance of Subpoena Directing Production of Documents by CITGO Petroleum Company Pursuant to 11 U.S.C. § 1521(a)(4) and Federal Rule of Bankruptcy Procedure 2004* ("CITGO 2004 Motion") [Docket No. 13]. By order dated and entered June 27, 2019, your Honor granted the CITGO 2004 Motion ("CITGO 2004 Order") [Docket No. 21].

On June 27, 2019, my firm served CITGO's counsel the Subpoena Directing the Production of Documents. On July 26, 2019, CITGO served its responses and objections to the Subpoena; the JPLs and CITGO subsequently met and conferred to resolve CITGO's objections, whereby the JPLs reduced their document requests to three distinct categories. The main thrust of CITGO's reticence to respond to the Subpoena was the concern that in responding to the Subpoena, CITGO would risk being in violation of U.S. sanctions against Venezuela, specifically LICENSE No. VENEZUELA – EO13850-2019-359381-3[1] issued by the Office of Foreign Assets Control (the "OFAC License"). In October 2019, the JPLs assuaged CITGO's concerns regarding the OFAC License, and on October 31, 2019 and November 14, 2019,

---

[1] On August 12, 2019, OFAC renewed the OFAC License (License No. VENEZUELA – EO13850-2019-359381-4).

Allentown • Bala Cynwyd • Cleveland • Fort Lauderdale • Harrisburg • Lancaster • New York • Philadelphia
Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PROFESSIONAL CORPORATION

05/05/2020 SL1 1638291v1 112150.00001

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Hon. Michael E. Wiles
May 5, 2020
Page 2

CITGO produced documents responding to the JPL's scaled down Subpoena document requests, and on November 27, 2019 CITGO purportedly completed its document production and provided the JPLs and counsel a privilege log.

  Mr. Genna's letter states the JPLs' status letter will allow the Court to expedite the closing of this case. We think the closing of the case is not warranted given its current status. CITGO's production comprises over 100,000 pages of documents, which the JPLs have undertaken to review. However, taking into account the following factors (i) CITGO completed its production at the end of November 2019, (ii) the intervening holiday season, and (iii) the current pandemic, the JPLs' review has not been completed. Until the review is completed, the JPLs have no way of knowing if CITGO has in fact produced all responsive documents and whether CITGO's purported privilege assertions are valid.

  In addition, once the JPLs review of the CITGO production is completed, the JPLs may need to subpoena additional parties referenced in the CITGO production. Closing the case would preclude all of this from happening, which is patently unfair to the JPLs. The JPLs have always conducted this case in an expeditious manner, and should not be punished for actions and circumstances outside of their control, such as the timing of CITGO's document production and the current pandemic.

            Respectfully submitted,

            STEVENS & LEE, P.C.
            By: */s/ Nicholas F. Kajon*

NFK