STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 319-8500
Facsimile: (212) 319-8505
Nicholas F. Kajon
Constantine D. Pourakis
nicholas.kajon@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for John Johnston, in his capacity as*
*Joint Provisional Liquidator and*
*Authorized Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | Case No. 18-12216 (MEW) |
| Debtor in Foreign Proceeding. | |

**APPLICATION TO AMEND RECOGNITION ORDER PURSUANT TO**
**11 U.S.C. § 1522(c) (I) RECOGNIZING EDWARD WILLMOTT AS JOINT**
**PROVISIONAL LIQUIDATOR AND AUTHORIZED FOREIGN REPRESENTATIVE**
**OF THE DEBTOR, AND (II) REMOVING RACHELLE FRISBY AS AUTHORIZED**
**<u>FOREIGN REPRESENTATIVE OF THE DEBTOR</u>**

John Johnston of Deloitte Financial Advisory Ltd., in his capacity as one of the Joint Provisional Liquidators and authorized foreign representative ("JPL") for PDV Insurance Company Ltd. ("Debtor" or "PDVIC"), in provisional liquidation proceedings currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2018: No. 159 (the "Bermuda Proceedings"), respectfully submits this

---

[1] PDV, a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Corner House, 20 Parliament Street, Hamilton, HM 12, Bermuda.

application ("Application") for entry of an Order, substantially in the form annexed hereto as **Exhibit B**, amending the Recognition Order (defined below): (i) recognizing Edward Willmott of Deloitte Financial Advisory Ltd. as a Joint Provisional Liquidator and authorized foreign representative of the Debtor; and (ii) removing Rachelle Frisby as one of the Debtor's authorized foreign representatives, and substituting Edward Willmott as the authorized foreign representative within the meaning of section 101(24) of the Bankruptcy Code.

## FACTUAL BACKGROUND

1. On May 11, 2018, the Bermuda Monetary Authority ("BMA") filed a petition to wind up PDVIC and appoint John Johnston and Rachelle Frisby as Joint Provisional Liquidators in the Bermuda Court.

2. On May 14, 2018, the Bermuda Court entered an order appointing Mr. Johnston and Ms. Frisby together as JPLs and on July 20, 2018 entered an order giving the JPLs the ability to exercise their powers jointly and severally (the "Bermuda Orders").

3. On July 24, 2018, Mr. Johnston and Ms. Frisby filed a voluntary petition under Chapter 15 on behalf of PDVIC, seeking recognition of the Bermuda Proceedings as a foreign main proceeding (or, in the alternative, as a foreign nonmain proceeding) [ECF No. 1], and related relief under Bankruptcy Code sections 1520 and 1521.

4. On August 30, 2018, the Court entered an order granting recognition and recognizing Mr. Johnston and Ms. Frisby as the Debtor's authorized foreign representatives (the "Recognition Order") [ECF No. 11].

5. On August 11, 2023, Ms. Frisby resigned as JPL of the Debtor and no longer works for Deloitte Financial Advisory Ltd.

6. On August 29, 2023, Mr. Johnston filed an application with the Bermuda Court seeking Orders for the removal of Ms. Frisby as JPL and the appointment of Mr. Willmott of Deloitte Financial Advisory Ltd. as the Debtor's new joint provisional liquidator.

7. On September 25, 2023, the Bermuda Court entered an Order removing Ms. Frisby as JPL and recognizing Mr. Willmott as Mr. Johnston's counterpart as a new joint provisional liquidator of the Debtor (the "JPL Replacement Order"). The JPL Replacement Order is annexed hereto as **Exhibit A**.

8. Pursuant to paragraph 2 of the JPL Replacement Order, Mr. Willmott's appointment became effective on October 17, 2023.

9. On January 12, 2024, pursuant to the JPL Replacement Order, S&L executed an amended client engagement letter whereby it now represents both Mr. Johnston and Mr. Willmott as joint provisional liquidators of the Debtor.

## RELIEF REQUESTED

10. The JPLs respectfully seek the entry of an Order, in substantially the form annexed hereto as **Exhibit B**, amending the Recognition Order to: (i) recognize Edward Willmott of Deloitte Financial Advisory Ltd. as a Joint Provisional Liquidator and authorized foreign representative of the Debtor; and (ii) remove Rachelle Frisby as one of the Debtor's authorized foreign representatives, and substituting Edward Willmott as the authorized foreign representative within the meaning of section 101(24) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

**I. Bankruptcy Code Section 1522(c) Authorizes the Requested Amendment to the Recognition Order.**

11. Bankruptcy Code Section 1522(c) provides, in relevant part, that the Court may "modify or terminate" relief granted under Sections 1519 or 1521. 11 U.S.C. § 1522(c).

12. Courts in this District have granted such relief to account for a change in status of a foreign proceeding, such as the appointment of a new foreign representative by the foreign court. *See, e.g.*, *In re Glitnir Banki HF.*, No. 08-14757 (SMB) (Bankr. S.D.N.Y. March 18, 2011) [ECF No. 73]; *In re Landsbanki Islands HF.*, No. 08-14921 (RDD) (Bankr. S.D.N.Y. Jan. 14, 2011) [ECF No. 41]; *In re Comair Ltd.*, 21-10298 (JLG) 2023 WL 1971618, at *12 (Bankr. S.D.N.Y. Feb. 12, 2023).[2]

13. Such relief is necessary in these circumstances. The Bermuda Court has removed Ms. Frisby as the Debtor's joint provisional liquidator. Mr. Willmott has been named as the Debtor's newly appointed joint provisional liquidator. By virtue of his appointment by the Bermuda Court, Mr. Willmott meets the Bankruptcy Code's definition of a foreign representative, in that he is a "person…appointed" by the Bermuda Court "to administer the…liquidation of the [D]ebtors' assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

14. It is therefore respectfully submitted that modification of the Recognition Order is appropriate to recognize Mr. Willmott as an authorized foreign representative of the Debtor and remove Ms. Frisby from said position.

**II. Alternatively, Federal Rule of Civil Procedure 25(c) allows this Court to substitute Mr. Willmott for Ms. Frisby as the Debtor's Authorized Foreign Representative.**

15. Substitution pursuant to Federal Rule of Civil Procedure 25(c) (made applicable pursuant to Federal Rules of Bankruptcy Procedure 7025 and 9014) can occur: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

---

[2] The identical relief requested herein was granted by Judge Lisa Beckerman in *In re PB Life and Annuity Co., Ltd., et al.*, Case No, 20-12791 (LGB) [ECF No. 532], and Judge James L. Garrity, Jr. in *In re Spencer Capital Ltd.*, Case No. 20-12289 (JLG) [ECF No. 22] and *In re Spencer Capital Holdings Ltd.*, Case No. 20-12287 (JLG) [ECF No. 22].

16. A determination that a party is, in fact, a successor-in-interest is a prerequisite to substitution under Rule 25(c) that is within the sound discretion of the presiding court. *See Levin v. Raynor*, No. 03-cv-4697, 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010); *see also Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Rsch.*, 335 F.3d 66, 71 (2d Cir. 2003). In making such a determination, the "primary consideration" is "whether substitution will expedite and simplify the action." *Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 335, 359 (S.D.N.Y. 2010) (quoting *Taberna Cap. Mgmt. v. Jaggi*, 08-CV-11355, 2010 WL 1424002, at *2 (S.D.N.Y. Apr. 9, 2010)).

17. In the bankruptcy context, Rule 25 is typically used when a Chapter 11 case has been converted to a Chapter 7 case and the Chapter 7 trustee must be substituted with the debtor-in-possession. *See, e.g.*, *In re ATS Prod. Corp.*, No. 01-13220F, 2003 WL 25947346, at *2 n. 4 (Bankr. E.D. Pa. June 5, 2003) ("[U]pon conversion of a case from chapter 11 to chapter 7, if a trustee seeks to continue the prosecution of the case, he should seek substitution as party plaintiff under Fed. R. Bankr. P. 7025"); *Corbin v. Blankenburg*, 39 F.3d 650, 653 (6th Cir. 1994) ("When a trustee party leaves office, 'an action is ordinarily revived in the name of the successor representative.'"). This has been extended to Chapter 15 to allow the substitution of a predecessor foreign representative by a successor foreign representative. *See In re Stanford Int'l Bank, Ltd.*, No. 3:09- CV-0721-N, 2012 WL 13093940 (N.D. Tex. July 30, 2012) (authorizing substitution under Rule 25(c) where foreign court removed the petitioning foreign representatives and appointed replacement liquidators); *see also In re Comair Ltd.*, No. 21-10298 (JLG), 2023 WL 1971618 (Bankr. S.D.N.Y. Feb. 12, 2023) (analyzing the *Stanford* case).

18. The JPL Replacement Order removed Ms. Frisby and replaced her with Mr. Willmott as the Debtor's joint provisional liquidator. Mr. Willmott is the successor-in-interest as JPL for the

7

Debtor. In fact, Mr. Willmott worked intimately with Ms. Frisby at Deloitte Financial Advisory Ltd. on matters concerning the Debtor since the beginning of this Chapter 15 case.

19. Substituting Mr. Willmott for Ms. Frisby pursuant to Rule 25 will do nothing to complicate or delay the Chapter 15 case given his intimate knowledge of the pending matters.

## CONCLUSION

The JPLs respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit B**, amending the Recognition Order to: (i) recognize Edward Willmott of Deloitte Financial Advisory Ltd. as a Joint Provisional Liquidator and authorized foreign representative of the Debtor; and (ii) remove Rachelle Frisby as one of the Debtor's authorized foreign representatives, and substituting Edward Willmott as the authorized foreign representative within the meaning of section 101(24) of the Bankruptcy Code.

Dated: February 6, 2024
New York, New York

STEVENS & LEE, P.C.

By:   */s/ Nicholas F. Kajon*
Nicholas F. Kajon
Constantine D. Pourakis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  212-319-8500
Facsimile:  212-319-8505
nicholas.kajon@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for John Johnston as one of the Joint Provisional Liquidators and Authorized Foreign Representatives*