**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | ) | Case No. 18-12216 (MEW) |
| Debtor in Foreign Proceeding. | ) | |

# SECOND STATUS REPORT

John Johnston and Edward Willmott of Deloitte Financial Advisory Ltd. in Bermuda, were appointed as the Joint Provisional Liquidators and–authorized foreign representatives for PDV Insurance Company, Ltd. ("PDVIC" or "Debtor") in liquidation proceedings currently before the Supreme Court of Bermuda (the "Bermuda Court"). Unfortunately, in October 2024, Edward Willmott sadly passed away. Subsequently, on January 8, 2025, the Bermuda Court issued an Order to release Edward Willmott (and his estate) and appoint Marcin Czarnocki, also of Deloitte Financial Advisory Ltd in Bermuda, as JPL.

John Johnston and Marcin Czarnocki (together the "JPLs") respectfully submit the Second Status Report (the "Second Report") pursuant to the March 18, 2024 *Order Directing Filing of Periodic Status Reports* [ECF No. 29].

[1] PDVIC, a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda c/o Deloitte Financial Advisory Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12, Bermuda.

## I. OFAC License

1. As stated in the First Status Report filed September 16, 2024 (the "First Report") [ECF No. 30], the JPLs were in the process of drafting a further application to OFAC (Office of Foreign Assets Control) to renew/extend their current OFAC license. The JPLs have since obtained a renewed OFAC license valid until November 30, 2025.

2. The OFAC license authorizes the JPLs to engage in all activities and transactions necessary for the complete and orderly wind-down of the Debtor, including activities and transactions between the JPLs and all persons and entities located in the United States. Those activities and transactions are described in this Second Report.

## II. Venezuela Bond Litigation

3. As referenced in the First Report, PDVIC is the beneficial owner of two Republic of Venezuela Bonds ("Venezuela Bonds") with a nominal combined value of $65,799,000 plus unpaid interest.

4. Both bonds remain in default.

5. As referenced in the First Report, the JPLs commenced litigation in the United States District Court for the Southern District of New York against Venezuela to recover on the defaulted bonds. In addition, the JPLs have been working with a United States-based distressed sale specialist to prepare the Venezuela Bonds for market and sale. It is likely that selling the bonds with the attached litigation claims will result in a better realization for the benefit of the liquidation estate.

6. The JPLs continue to prepare and proceed with their litigation against Venezuela and are monitoring the political and economic environment very closely.

## III. <u>CITGO Heavy Rain Event</u>

7. As detailed in the First Report, the Bermuda Court approved PDVIC's proposed Scheme of Arrangement on August 9, 2024.

8. As part of effectuating the Scheme, on August 23, 2024, CITGO remitted sums due to the unconnected Scheme creditors totaling $262,268.38. On September 13, 2024, CITGO also remitted the liquidation costs and expenses that were incurred and unpaid as at the effective date of the Assignment Agreement and approved by the Bermuda Court.

9. The right to recover reinsurance recoveries from the Heavy Rain Event was assigned to CITGO on August 9, 2024.

10. The JPLs have also been working with CITGO to agree and settle the costs associated with obtaining court sanction for, and implementing, PDVIC's Scheme of Arrangement. These sums are due to be paid by CITGO in March 2025.

11. All other terms of the Assignment Agreement have been carried out.

## IV. <u>Recovery of Re-Insurance Receivables</u>

12. The JPLs continue to engage with a specialist reinsurance consultant in the United Kingdom to help recover reinsurance receivables from the London/Lloyds insurance market and continue to correspond with reinsurers concerning the recovery of reinsurance receivables.

13. The reinsurance consultant engaged with various reinsurers regarding the claims identified by the JPLs as having potential for recovery. To date, these efforts have proved to be unsuccessful due to the timing of the initial loss, the lack of supporting documentation, or the fact that certain loss events were simply not covered by the reinsurance in place at the time.

14. The JPLs are still in correspondence with the intermediatory insurers and loss adjustors and are in possession of various supporting documents that may assist with the recovery of the

claims. If these parties fail to provide the requested records, the JPLs may look to seek Rule 2004 authority from this Court to issue subpoenas to produce documents.

15. A significant claim was previously made by PDVSA under an insurance policy issued by an intermediary 'fronting insurer'. This policy was subsequently reinsured by PDVIC. PDVIC in turn reinsured the risk to a series of retrocessionaires via a retrocession policy.

16. The claim relates to an explosion at a refinery in Amuay, Venezuela in 2012.

17. Discussions have taken place between the JPLs, their Bermuda counsel, PDVIC's retrocessionaires and their counsel regarding the claim. These discussions are ongoing.

## V. Recovery of Cash Balances and Mutual Funds Held with U.S. Financial Institutions

18. The JPLs continue to try to recover sums held with The Bank of New York Mellon ("BNY Mellon"). The residual balance remaining totals $3,113. The JPLs and their team continue to follow up with the respective contacts at BNY Mellon. However, the recovery process has been delayed due to the hesitancy of BNY Mellon despite the fact that the JPLs have a current and valid OFAC license.

## VI. Discussions with Major Creditors and Stakeholders

19. The JPLs are in ongoing correspondence with the PDVSA Ad-Hoc Board and the Consejo de Administración y Protección de Activos ("CAPA"), via their U.S. and Bermuda counsel, to assess the liquidation's future concerning reinsurance receivables and ongoing matters related to bond sales and litigation.

20. The JPLs' efforts to collect further assets remain ongoing, and there is a strong likelihood that further relief will be needed from this Court for the JPLs to continue their collection efforts. As such, the JPLs respectfully request that this Chapter 15 case remain active to allow the JPLs to

continue, and complete, their efforts to maximize a return to the Debtor's creditors both in Bermuda and in the United States.

Dated: March 14, 2025

STEVENS & LEE, P.C.

By: *<u>/s/ Constantine D. Pourakis</u>*

Nicholas F. Kajon
Constantine D. Pourakis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
nicholas.kajon@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for John Johnston and Marcin Czarnocki, as Joint Provisional Liquidators and Authorized Foreign Representatives*