**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 15 |
| PDV INSURANCE COMPANY, LTD.,[1] | ) Case No. 18-12216 (MEW) |
| Debtor in Foreign Proceeding. | ) |

## THIRD STATUS REPORT

John Johnston and Marcin Czarnocki (together the "JPLs") of Deloitte Financial Advisory Ltd. in Bermuda, are appointed as the Joint Provisional Liquidators and authorized foreign representatives for PDV Insurance Company, Ltd. ("PDVIC" or "Debtor") in liquidation proceedings currently before the Supreme Court of Bermuda (the "Bermuda Court").

The JPLs respectfully submit the third Status Report (the "Third Report") pursuant to the March 18, 2024 *Order Directing Filing of Periodic Status Reports* [ECF No. 29].

### I. OFAC License

1. As stated in the previous reports, the JPLs have obtained a renewed OFAC (Office of Foreign Assets Control) license valid until November 30, 2025.

2. The OFAC license authorizes the JPLs to engage in all activities and transactions necessary for the complete and orderly wind-down of the Debtor, including activities and transactions between the JPLs and all persons and entities located in the United States. Those activities and transactions are described herein.

---

[1] PDVIC, a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda c/o Deloitte Financial Advisory Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12, Bermuda.

1

3. The JPLs continue to prepare for a further application to renew/extend the current license.

## II. **Venezuela Bond Litigation**

4. As referenced in the last report, PDVIC is the beneficial owner of two Republic of Venezuela Bonds ("Venezuela Bonds") with a nominal combined value of $65,799,000 plus unpaid interest.

5. Both bonds remain in default.

6. As referenced in the last report, in October 2023, the JPLs commenced litigation in the United States District Court for the Southern District of New York against Venezuela in order to recover on the defaulted bonds and preserve claims in connection with same ("Bond Action"). In addition, the JPLs have been working with United States-based distressed sale specialist to prepare the Venezuela Bonds for market and sale. It is likely that selling the bonds with the attached litigation claims will result in a better realization for the benefit of the liquidation estate.

7. Venezuela failed to respond to the Bond Action, resulting in the Clerk of the Court entering a default against Venezuela in June 2024. The JPLs' litigation against Venezuela is ongoing and the JPLs are monitoring the political and economic environment very closely.

## III. **CITGO Heavy Rain Event**

8. As detailed in the JPLs' First Report to this Court, following the Scheme Meetings the Bermuda Court approved the proposed Scheme of Arrangement (Scheme) on August 9, 2024.

9. The JPLs continued to liaise with the unconnected Scheme creditors to facilitate payment of sums totaling $251,513.38 due to them as part of effectuating the Scheme. These unconnected scheme creditors have been hesitant to receive the payments due to them despite the Bermuda Court approval of the payment and the JPLs holding a valid OFAC license allowing them to

*"engage in all activities and transactions necessary for the complete and orderly wind-down of PDVIC"*. After much correspondence the JPLs hope that the unconnected creditors will soon be in a position to accept the sums due to them.

10. The JPLs worked with CITGO to agree and settle the costs associated with bringing the Scheme of Arrangement. Following approval by CITGO, the JPLs received Bermuda Court approval for these costs on March 4, 2025. CITGO subsequently paid the costs which were received by the JPLs in April 2025.

### IV.     Recovery of Re-Insurance Receivables

11. The JPLs continued to review and pursue re-insurance recoverables. In the period, the specialist re-insurance consultant in the United Kingdom who was engaged to review a small number of claims (those most likely to result in a recovery) and help recover reinsurance receivables from the London/Lloyds insurance market confirmed that recovery will be very challenging due to the timing of the initial loss, the lack of supporting documentation, or the fact that certain loss events were simply not covered by the insurance in place at the time.

12. The JPLs are, however, still in contact with the retrocessionaires and their counsel regarding a claim relating to an explosion at a refinery in Amuay, Venezuela in 2012. The claim is estimated by PDVSA to be in excess of $1 billion.

13. The JPLs have provided the retrocessionaires with their valid and current OFAC license, a pre-requisite of any discussions, and hope to progress discussions going forward.

### V.      Recovery of Cash Balances and Mutual Funds Held with U.S. Financial Institutions

14. The JPLs continue to try and recover sums held with The Bank of New York Mellon ("BNY Mellon"). The sums held are small and are estimated to amount to approximately $3,000.

BNY Mellon requested bank details from the JPLs in order to make payment, however, to date no such payment has been made.

## VI. Discussions with Major Creditors and Stakeholders

15. The JPLs are in ongoing correspondence with the PDVSA Ad-Hoc Board and the Consejo de Administración y Protección de Activos ("CAPA"), via their United States and Bermuda counsel, to assess the liquidation's future concerning reinsurance receivables and ongoing matters related to bond sales and litigation. Both parties represent major creditors in the liquidation.

16. Despite some delay, on September 11, 2025, the JPLs received a proposal which is under consideration.

17. The JPLs' efforts to collect further assets are still ongoing, and there is a strong likelihood that further relief will be needed from this Court for the JPLs to continue their collection efforts. As such, the JPLs respectfully request that this Chapter 15 case remain active to allow the JPLs to continue, and complete, their efforts to maximize a return to the Debtor's creditors both in Bermuda and in the United States.

Dated: September 16, 2025

        STEVENS & LEE, P.C.

        By: */s/ Constantine D. Pourakis*
            Nicholas F. Kajon
            Constantine D. Pourakis
            485 Madison Avenue, 20th Floor
            New York, New York 10022
            Telephone: 212-319-8500
            Facsimile: 212-319-8505
            nicholas.kajon@stevenslee.com
            constantine.pourakis@stevenslee.com

        *Counsel for John Johnston and Marcin Czarnocki, as Joint Provisional Liquidators and Authorized Foreign Representatives*