**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| PDV INSURANCE COMPANY LTD.,[1] | ) | Case No. 18-12216 (MEW) |
| Debtor in Foreign Proceeding. | ) | |

**FIFTH STATUS REPORT**

Marcin Czarnocki and Ryan Jarvis (together the "JPLs")[2] of Deloitte Financial Advisory Ltd. in Bermuda, are appointed as the Joint Provisional Liquidators and authorized foreign representatives for PDV Insurance Company, Ltd. ("PDVIC" or "Debtor") in liquidation proceedings currently before the Supreme Court of Bermuda (the "Bermuda Court").

The JPLs respectfully submit this Fifth Status Report (the "Fifth Report") pursuant to the March 18, 2024 *Order Directing Filing of Periodic Status Reports* [ECF No. 29].

## I. OFAC License

1. As stated in the previous reports, the JPLs obtained an OFAC (Office of Foreign Assets Control) license valid until November 30, 2025.

2. The OFAC license authorizes the JPLs to engage in all activities and transactions necessary for the complete and orderly wind-down of the Debtor, including activities and transactions between the JPLs and all persons and entities located in the United States.

[1] PDV Insurance Company Ltd., a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda c/o Deloitte Financial Advisory Ltd., Corner House, 20 Parliament Street, Hamilton, HM 12, Bermuda.
[2] On September 3, 2026, the JPLs filed a motion to amend the Recognition Order to recognize Messrs. Czarnocki and Jarvis as JPLs [ECF No. 35]. Objections to the motion were due September 15; no objections were received. The motion is scheduled for presentment on September 18, 2026.

3. In September and October 2025, the JPLs, with the assistance of their sanctions counsel, prepared a renewal application to renew/extend their OFAC license.

4. During the course of the liquidation the JPLs have renewed their license ten times (with the most recent license being their eleventh license).

5. Unfortunately, due to the 2025 federal government shutdown, the JPLs had to wait until November 13, 2025 (the first date the OFAC submission portal re-opened after the shutdown) to formally submit their renewal application. The JPLs understand that as a result of the shutdown, OFAC is dealing with a significant "back-log" of applications. The JPLs further understand that ongoing geopolitical disputes between United States and Venezuela may be delaying OFAC renewal applications.

6. To date the JPLs do not have a current OFAC license and eagerly await a response to their renewal application.

7. In accordance with advice provided by their sanctions counsel, and pursuant to their own risk procedures, the JPLs have not entered into negotiations or transactions with external parties. Matters in the liquidation have been held in abeyance pending the JPLs receiving a renewed OFAC license.

## II. Venezuela Bond Litigation

8. As referenced in the last report, PDVIC is the beneficial owner of two Republic of Venezuela Bonds ("Venezuela Bonds") with a nominal combined value of $65,799,000 plus unpaid interest.

9. The Venezuela Bonds remain in default.

10. As referenced in prior reports, in October 2023, the JPLs commenced litigation in the United States District Court for the Southern District of New York against Venezuela in order to

recover on the defaulted bonds and preserve claims in connection with same ("Bond Action"). In addition, the JPLs have been working with a United States-based distressed sale specialist to prepare the Venezuela Bonds for market and sale. It is likely that selling the bonds with the attached litigation claims will result in a better realization for the benefit of the liquidation estate.

11. Venezuela failed to answer or otherwise respond to the complaint in the Bond Action. Following the District Clerk's Certificate of Default against Venezuela entered on June 20, 2024, Dkt. 14, the JPLs began corresponding with a recognized representative of Venezuela known as the Consejo de Administración y Protección de Activos, also known as the Council for Administration and Protection of Assets ("CAPA"). Through this correspondence, the JPLs and CAPA aimed to resolve the subject defaulted bonds. On September 11, 2025, the JPLs received a proposal from CAPA to resolve the defaulted bonds. By November 2025, a Term Sheet with CAPA was being contemplated and progressed.

12. The JPLs, however, have been unable to finalize the Term Sheet or continue discussions with CAPA because the JPLs have been unable to renew their OFAC license.

13. The JPLs have not filed their default judgment application against Venezuela as they hope to renew their OFAC license and finalize their Term Sheet. This approach conserves judicial resources while at the same time provides the JPLs with a meaningful opportunity to receive a recovery from Venezuela, an outcome that will otherwise be difficult to achieve due to ongoing geopolitical events and challenges related to recovering a judgment against a sovereign country.

14. The JPLs will ask the District Court to keep the Bond Action open so that the JPLs can renew their OFAC license, finalize their negotiations with Venezuela and, if necessary, file their default application against Venezuela.

**III. Recovery of Re-Insurance Receivables**

15. Prior to the expiry of the JPLs' latest OFAC license, the JPLs continued to review and pursue re-insurance receivables.

16. The JPLs were in contact with the retrocessionaires and their counsel regarding a claim relating to an explosion at a refinery in Amuay, Venezuela in 2012. The claim is estimated by PDVSA to be in excess of $1 billion.

17. The JPLs will continue to pursue recovery action pending receipt of a renewed OFAC license.

**IV. Discussions with Major Creditors and Stakeholders**

18. Prior to the expiry of the JPLs' latest OFAC license, the JPLs were in ongoing correspondence with CAPA and the PDVSA Ad-Hoc Board, via their United States and Bermuda counsel, to assess the liquidation's future concerning reinsurance receivables.

19. The JPLs will continue to pursue recovery action pending receipt of a renewed OFAC license.

**V. Next Steps**

20. The JPLs still have a number of assets to collect and matters to progress in the liquidation.

21. The JPLs await their renewed OFAC license so that they can resume matters.

22. As such, the JPLs respectfully request that this Chapter 15 case remain active to allow the JPLs to continue, and complete, their efforts to maximize a return to the Debtor's creditors both in Bermuda and in the United States.

Dated: September 16, 2026

STEVENS & LEE, P.C.

By: *<u>/s/ Constantine D. Pourakis</u>*

Nicholas F. Kajon
Constantine D. Pourakis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: 212-319-8500
Facsimile: 212-319-8505
nicholas.kajon@stevenslee.com
constantine.pourakis@stevenslee.com

*Counsel for Marcin Czarnocki and Ryan Jarvis, as Joint Provisional Liquidators and Authorized Foreign Representatives*